IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLAIRE BOLDRIN,

    Plaintiff,

vs.

KSF ACQUISITION CORPORATION,
a Delaware Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CLAIRE BOLDRIN, sues Defendant, KSF ACQUISITION CORPORATION, and shows:

### Introduction

1. This is an action by CLAIRE BOLDRIN against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, CLAIRE BOLDRIN, (hereinafter "BOLDRIN") a resident of Palm Beach County, Florida, was at all times material, employed by KSF

ACQUISITION CORPORATION as an accounts payable specialist for Defendant, was an employee as defined by 29 U.S.C. § 203 (e), and during her employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5.      Defendant, KSF ACQUISITION CORPORATION (hereinafter, "KSF ACQUISITION"), is a Delaware Corporation doing business throughout the United States, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where BOLDRIN was employed.  At all times pertinent to this Complaint, KSF ACQUISITION operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and KSF ACQUISITION obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Since January, 2016, Defendant KSF ACQUISITION has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically BOLDRIN, since January 2016, has worked in excess of 40 hours a week most weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed, in that the Defendant would only pay her a "salary" provided that Plaintiff worked more than 40 hours per week.

7. The failure to pay overtime compensation to BOLDRIN is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

8. KSF ACQUISITION's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and BOLDRIN' status as non-exempt, but chose not to pay her in accordance with the Act.

9. BOLDRIN is entitled pursuant to 29 U.S.C. § 216(b), to recover from KSF ACQUISITION:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, CLAIRE BOLDRIN, prays that this court will grant judgment against Defendant KSF ACQUISITION CORPORATION:

    a.   awarding BOLDRIN payment of overtime compensation found by the court to be due to her under the Act;

    b.   awarding BOLDRIN an additional equal amount as liquidated damages;

    c.   awarding BOLDRIN her costs, including a reasonable attorney's fee; and

    d.   granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: January 31, 2020
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for CLAIRE BOLDRIN*